IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LOUIS POULSEN A/S,<br><br>Plaintiff,<br><br>v.<br><br>dhsaui56245, *et al.*,<br><br>Defendants. | **SEALED**<br><br>Case Action No.<br><br>1:25-cv-6528-TWT |

### ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND *EX PARTE* TEMPORARY RESTRAINING ORDER, ASSET FREEZE ORDER, AND ORDER TO SHOW CAUSE

THIS CAUSE, came before the Court on Plaintiff's Motion to Extend *Ex Parte* Temporary Restraining Order, Asset Freeze Order, and Order to Show Cause (the "Motion") pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure. The Court entered its Temporary Restraining Order ("TRO") on November 18, 2025, which remains in effect pursuant to its terms until the preliminary injunction hearing currently scheduled for December 17, 2025 at 11:30 AM. Plaintiff has now served notice of the hearing on all Defendants on December 12, 2025, and served the summonses and operative pleadings on December 15, 2025 immediately upon issuance of the summons by the Clerk. In light of the timing of service, the Court finds that Defendants may require additional time to appear or respond before the Court determines whether a preliminary injunction should issue.

The Court finds that, if additional time is warranted, good cause exists under Rule 65(b)(2) to extend the TRO, Asset Freeze Order, and Order to Show Cause to ensure that these orders remain in effect through a rescheduled hearing date. As of the date of Plaintiff's Motion to Extend the TRO, all Defendants have now been served, so the extension will allow Defendants time to appear and challenge the request for preliminary injunction if they elect to do so. The Court further finds that maintaining the TRO, including the asset freeze and injunctive provisions, is necessary to preserve the status quo, prevent irreparable harm, and maintain the Court's ability to adjudicate the pending Motion for Preliminary Injunction on a complete record.

The Court notes that when a TRO extends beyond the period specified in Rule 65(b)(2), the order may function as a preliminary injunction for purposes of appeal but remains effective and enforceable until modified by the Court. *See, e.g., Levine v. Comcoa Ltd.*, 70 F.3d 1191 (11th Cir. 1995); *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827 (7th Cir. 2012).

The hearing on Plaintiff's Motion for Preliminary Injunction is rescheduled and set before the Court on January 22, 2026 at   3:00 PM  , at which time Defendants and/or any other affected persons may challenge the appropriateness of the TRO and move to dissolve the same, and shall appear and show cause why a preliminary injunction should not issue. The Court also finds that Plaintiff has

demonstrated good cause for an extension of the TRO. The Temporary Restraining Order, Asset Freeze Order, and Order to Show Cause previously entered by this Court shall remain in effect until the date of the hearing or until such further date as set by the Court or stipulated to by the parties.

SO ORDERED this  17th  day of  December , 2025.

_____
**THOMAS W. THRASH**
**UNITED STATES DISTRICT JUDGE**